UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Benjamin Brett Sharpe,                                    Case No. 3:15-cv-2189

    Plaintiff

    v.                                                        MEMORANDUM OPINION

Commissioner of Social Security,

    Defendant

## I. Background

In October 2015, the Plaintiff initiated this action seeking review of the Commissioner's final decision of August 2015, denying his claim for disability benefits. (Doc. No. 1). Following the Defendant's answer, in March 2016, the Plaintiff filed his brief on the merits. On May 11, 2016, the parties filed a joint motion to remand to the Social Security Administration. (Doc. No. 19).

On May 17, 2016, I granted the motion and ordered the case remanded for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. No. 20).

This is now before me on the Plaintiff's motion for attorney fees under the Equal Access to Justice Act. (Doc. No. 21). Also before me are Defendant's response and Plaintiff's reply.

## II. The EAJA

Under the Equal Access to Justice Act, 28 U.S.C. § 2412, a court shall award a plaintiff attorney fees when the plaintiff is a prevailing party in a lawsuit against the government, unless the government's position is substantially justified or special circumstances would make an award unjust.

28 U.S.C. § 2412(d)(1)(A). The purpose of the EAJA is to remove financial obstacles to challenging unreasonable government action.

The plaintiff may recover "reasonable attorney fees . . . based upon prevailing market rates for the kind and quality of services furnished" with an attorney's requested hourly rate not to exceed $125 per hour "unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

Where an increase in the hourly rate is requested, the plaintiff bears the burden of providing evidence to justify the request. *Minor v. Comm'r of Soc. Sec.*, 826 F.3d 878, 881 (6th Cir. 2016) (citing *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009)). Once it is determined the party is eligible for fees under the EAJA, the court looks to the loadstar amount to determine the reasonable fee award. *Id.* The loadstar amount is dependent on the reasonable hourly rate and number of hours billed. *Hensley v. Eckerhart*, 461 U.S. 424, 431 (1983).

### III. ANALYSIS OF EAJA APPLICATION

In this case, the Commissioner does not generally oppose an award of reasonable attorney fees. The Commissioner requests a reduction in attorney hours as she contends the number of hours sought by counsel are excessive. The Commissioner also requests a lower hourly rate and reduction of time for the Plaintiff's appellate assistant.

A. Substantial Justification

The Plaintiff contends the Defendant's position was without substantial justification. Per the parties' joint motion and my order, the remand was pursuant to 42 U.S.C. § 405(g), sentence four.

This Circuit recognizes that a sentence four remand makes a plaintiff a "prevailing party" under the EAJA. *Turner v. Comm'r of Soc. Sec.*, 680 F.3d 721, 723 (6th Cir. 2012). As the

Commissioner does not oppose an award of fees on this basis , I find the substantial justification factor is satisfied.

B. Hourly Rate

Plaintiff requests an hourly rate of $185.13 per hour for attorneys Roose and Kunder. In support of that hourly rate, Plaintiff submits the following evidence:

(1) Declaration of attorney Dianne Newman-an attorney with over 30 years of experience, concentrating in Social Security law with 75 percent of her practice in appellate Social Security law in the Northern District of Ohio. She attests to expertise of attorney Roose and the prevailing hourly rates in the Northern District of Ohio. (Doc. No. 21-4).

(2) Declaration of attorney Marcia Margolius—an attorney with over 25 years experience and concentrating in Social Security law. Margolius represents clients in both the Northern and Southern Districts of Ohio. She attested to being familiar with attorney Roose and his firm as well as the quality of his services. She opined that the prevailing rate for his services in Social Security cases should exceed $175 to $200 an hour. (Doc. No. 21-5).

(3) Declaration of attorney Bradley J. Davis—an attorney admitted to practice in the Northern District of Ohio who represented a client for SSI benefits and which matter was remanded for further proceedings. Attorney Davis requested fees at the $125 an hour rate because of the additional time and research required in order to justify a petition for a high rate more reflective of the prevailing market rate. (Doc. No. 21-6).

(4) The 2010 Ohio State Bar Association's profile of attorney hourly billing rates by location and practice classification. This publication shows that in the area of administrative law the mean is $203 per hour and the median is $180 per hour. (Doc. No. 21-8).

(5) The 2011 edition of The Survey of Law Firm Economics by the National Law Journal and ALM Legal Intelligence. This publication shows the trend comparisons for average billing rates. (Doc. No. 21-9).

In addition, Plaintiff states that the hourly rate is calculated utilizing the Midwest regional Consumer Price Index, a gauge utilized by courts in this district for that very purpose. *See Gunther v. Comm'r of Soc. Sec.*, 943 F.Supp.2d 797, 803-04 (N.D. Ohio 2013). The Plaintiff also contends that other courts in this district have approved a $40 hourly rate for appellate assistants. *Id.* at 804-05.

As there is no opposition by the Commissioner on the hourly rates proposed, based upon the evidence presented by Plaintiff, I find $185.13 to be an appropriate hourly rate for counsel and a $40 hourly rate appropriate for the appellate assistant.

C. Reasonable Hours

The Plaintiff requests 41.7 hours of attorney fees and 2.6 hours by counsel's appellate assistant. In making this determination, I am mindful of the Sixth Circuit's guidance:

> When the issue is a question of the lawyer's judgment in billing for a particular number of hours on a piece of work, we must depend in large measure of the District Court in assessing the needs of the case. . . That said, the district court must still explain its reasoning in a way that permits adequate appellate review.

*Minor*, 826 F.3d at 884 (citations omitted).

There is no dispute that Mr. Roose was the main briefing attorney and he was the sole counsel of record. Mr. Roose's itemizations prior to February 2016 totaled 1.7 hours. Ms. Kunder, an associate in Mr. Roose's firm and prior to Mr. Roose's substantive review, completed 23.8 hours of on the briefing as itemized below:

```
2/18/16 Create outline of brief; review claim history      0.5
and transcript to locate prior briefs and
decisions.

2/24/16 Review procedural history of claim; review         5.0
prehearing memo, decision, and Appeals Council
brief; change exhibit numbers to transcript
cites; begin reviewing agency opinions and
comparing them to decision.

2/25/16 Finish reviewing decision's analysis of agency     3.2
opinions; summarize analysis for main briefing
attorney; begin reviewing claimant and vocational
expert hearing testimony in light of arguments.

2/26/16 Finish reviewing hearing testimony in light of     4.5
arguments; compare vocational expert testimony to
decision; draft procedural history and hearing
testimony sections of brief; begin reviewing
treatment records in light of arguments.


2/29/16 Continue reviewing treatment records in light
of arguments.                                              2.1

3/01/16 Continue reviewing treatment records in light of   3.2
```

```
arguments; analyze additional potential argument;
notes to main briefing attorney about potential
argument; begin drafting medical treatment sections
of statement of facts.

3/02/16 Finish reviewing treatment records and drafting    5.3
medical treatment sections of statement of facts;
notes to main briefing attorney about what evidence
supports and does not support arguments.
```

(Doc. No. 21-1 at p.3).

On March 8, 2016, Mr. Roose re-engaged in the briefing process with the following entry:

```
3/08/16 Review draft of facts and procedures; review       4.0
Appeals Council arguments; begin check for
consistency
```

(Doc. No. 21-1 at p.1).

On March 10, 2016, Ms. Kunder's final itemization lists her working 1.5 hours before handing off the brief to Mr. Roose:

```
3/10/16 Proofread procedural history, facts, and           1.5
argument sections of brief; notes to main drafting
attorney re: same.
```

(*Id.* at p.3). Mr. Roose's entry on this same day reflect the following:

```
3/10/16 Additional research and rewriting arguments with   6.5
detailed examples from record about third argument;
adapt arguments from Appeals Council contentions,
add second argument and sub-arguments consistent
with record; re-organize arguments; edit brief
```

(*Id.* at p. 1).

Mr. Roose then spent 2 hours on "final clarifications, proof and fil[ing the] brief." (*Id.*) His final four itemizations for reviews of court orders and the joint stipulation for remand comprise a total of .4 hours. Mr. Roose's total hours tally 16.4 hours and Ms. Kunder's 25.3 hours.

It is undisputed that Plaintiff's counsel did not represent him at the hearing before the ALJ but did represent him in the brief filed before the Appeals Council. While two of the arguments

5

presented to the Appeals Council were also presented to this Court, he raised a new issue in his twenty-six page brief on the merits. (Doc. No. 17).

The transcript filed by the Defendant with the Court is 530 pages in length. (Doc. No. 13). From my review of the transcript there are items reviewed by Ms. Kunder, which were not a part of the record filed with the Court.

Two months after Plaintiff's brief was filed the Commissioner joined in a stipulation to remand.

The Defendant suggests a range of hours, between 20 and 30, is on par for a social security appeal. To adopt this reasoning is contrary to the inquiry which is "not what is required in *most* social security cases, but what did *this* case require." *Glass v. Secretary of Health and Human Services*, 822 F.2d 19, 20 (6th Cir. 1987) (emphasis in original).

Having carefully reviewed the record in this case and the itemizations by Plaintiff's counsel, I do not find them to reflect duplication or redundancy. As noted by my colleague:

> The Commissioner appears to have confused responsible and competent client representation with "duplication" and "redundancy." It takes time to review a record and draft a brief, even if the client was previously represented by the same counsel. While excessive time conferring with other attorneys could potentially raise concerns, the entries that the Commissioner points to are limited and reasonable for communication between attorneys.

*Ritchie v. Colvin*, No. 1:14-CV-1517, 2015 WL 5316065 (N.D. Ohio 2015) (Gwin, J). *See also Jascha v. Colvin*, No. 3:15CV711, 2016 WL 736195 *2-3 (N.D. Ohio 2016) (Carr, J). Accordingly, I find the itemizations by attorneys Roose and Kunder to be reasonable and justified.

The itemizations by appellate assistant Shriver are also the subject of briefing. The Commissioner contends as to the 2.6 hours of her itemized time, 1.2 hours should be discounted as clerical or non-legal. Tasks which are purely clerical or secretarial in nature are not compensable. *Spiller v. Comm'r of Soc. Sec.*, 940 F.Supp.2d 647, 651 (S.D. Ohio 2013).

The Commissioner has identified specific tasks which are clerical in nature and fall outside of compensable time at a paralegal rate. As I find 1.2 hours of the appellant assistant's time to be non-legal in nature, that submission is reduced by that amount to 1.4 hours at $40 an hour.

### IV. SUPPLEMENTAL EAJA APPLICATION

A supplemental EAJA application is appropriate when defending the propriety of an EAJA award. *Gunther*, 943 F.Supp.2d at 806. (Citations omitted). The Plaintiff seeks an additional six hours for the research and reply brief in support of his EAJA application. The rate requested is $185.13 per hour for the six additional hours totaling $1,110.78 as to the EAJA supplemental application. The Plaintiff's reply was filed on July 25, 2016, with no response by the Commissioner.

Upon consideration, I find the Plaintiff's supplemental EAJA application to be well taken.

### V. SUMMARY OF EAJA AWARD

The Plaintiff is awarded $8,830.70 for the work done by attorneys Roose and Kunder (41.7 hours plus 6.0 hours (supplemental application) at $185.13 hourly rate). The Plaintiff is awarded $56 for the Appellate Assistant's work (1.4 hours at $40 hourly rate). The total fee award is $8,886.70.

### VI. PAYMENT

Counsel for the Plaintiff attaches the assignment (for counsel to be paid the EAJA fees) and a copy of the fee agreement. (Doc. No. 21-14). Counsel also consents to EAJA award being made to the Plaintiff "because of the unlikely possibility that plaintiff owes a federally-collectible debt." If it is determined there is no pre-existing debt or the debt is less than the amount of the EAJA fee award, the Defendant shall direct the award be made payable to Plaintiff's counsel pursuant to the assignment in the record.

## VII. Conclusion

For the reasons stated above, the Plaintiff's application for EAJA attorney fees (Doc. No. 21) is granted in part and denied in part. The Plaintiff is awarded EAJA fees totaling $8,886.70.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge